**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | |
| Plaintiff, | Civil Action No. 21-9959 (ZNQ) (JBD) |
| v. | **MEMORANDUM OPINION** |
| WELLS FARGO BANK, N.A., as Securities Intermediary, | |
| Defendant. | |

**QURAISHI, District Judge**

This dispute arises out of a $9 million life insurance policy. Plaintiff Sun Life Assurance Company of Canada ("Plaintiff") alleges that the policy is an illegal stranger-oriented life insurance ("STOLI") policy and seeks a declaration that the policy is void *ab initio*. Defendant Wells Fargo Bank, N.A., as Securities Intermediary ("Defendant"), the owner and beneficiary of the policy, seeks to collect the policy's death benefit. Defendant previously moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to transfer the case to the United States District Court for the Eastern District of New York. The Court denied Defendant's motion, and Defendant now moves to certify the Opinion and Order for interlocutory appeal.

On January 18, 2022, Defendant moved to certify the Court's Order denying its motion to dismiss ("December 20th Order") for appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 18 ("Def.'s Moving Br.")). Plaintiff filed opposition on February 8, 2022. (ECF No. 21 ("Pl. Opp'n Br.")).

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court **DENIES** Defendant's Motion to Certify the December 20th Order for Interlocutory Appeal.

## I.  BACKGROUND[1]

### A.  The Policy

Plaintiff is a life insurance company organized and existing under the laws of Canada with its principal place of business in Massachusetts. (ECF No. 1 ("Compl.") ¶ 1). Defendant is a national banking association with its main office in South Dakota. (*Id.* ¶ 2). In or around July 2007, Plaintiff received an application for a life insurance policy (the "Application") insuring the life of Tova Fruchter. (*Id.* ¶ 16). The Application contains two parts—Parts I and II. Part I of the Application, dated July 16, 2007, is signed by former New York resident, Tova Fruchter (the "Insured"), her son, New York resident Eli Fruchter, as the Trustee (the "Trustee"), and Alter Rubin as the Broker/Registered Representative. (*Id.* ¶ 18). According to the documents contained in the policy file, Plaintiff's communications with Mr. Rubin in connection with the policy transpired at one of Mr. Rubin's New Jersey addresses, which is located at the offices of Associated Life Brokerage, Inc./Capitas. (ECF No. 9-7 ¶ 7 (Affidavit of Michelle Wilkosky)). Part II of the Application, also dated July 16, 2007, is signed by the Insured. Both Parts were signed at Lakewood, New Jersey. (ECF No. 9-7 ¶ 4). The Application identified the Trust as established in New Jersey. (ECF No. 1, at ¶ 18; ECF No. 9-1, Ex. A, at 31).

---

[1] The parties are familiar with the factual and procedural history of this matter and therefore the Court recites only those facts necessary to resolve the instant motion. *See AlphaCard Sys. LLC v. Fery LLC*, No. 19-20110, 2020 WL 4736072 (D.N.J. Aug. 14, 2020); *see also AlphaCard Sys. LLC v. Fery LLC*, No. 19-20110, 2021 WL 2190901 (D.N.J. May 31, 2021).

On August 8, 2007, Plaintiff issued a policy (the "Policy") insuring the life of the Insured in the amount of $9,000,000. (ECF No. 9-1 at 4). The Policy designates the Fruchter One Trust DTD 3/1/2007 (the "Trust") as the initial owner and beneficiary of the Policy. (*Id.*) In connection with the Policy transaction, Plaintiff also received a Non-Licensed Territory Declaration (the "Declaration") dated March 1, 2007. The Declaration states that "no solicitation was ever made in the State of New York in connection with the life insurance application dated 3/01/07" and "[w]e are fully aware that Sun Life Assurance Company of Canada and Sun Life Assurance Company of Canada (U.S.) are non-New York companies and that they cannot issue [policies to] New York residents unless the solicitation, sale and delivery of their contracts takes place outside of the State of New York." (ECF No. 9-2, Ex. B, at 2). The Declaration was signed in Lakewood, New Jersey by the Insured, the Trustee and Mr. Rubin. (*Id.*)

On September 10, 2007, Eli Fruchter, as Trustee, signed a Request for Alteration of Application Amending the Application at Lakewood, New Jersey, in the presence of Mr. Rubin, (ECF No. 9-7 ¶ 5; ECF No. 9-1, Ex. A, at 30), as well as a Life Insurance Policy Dating Acknowledgement and Delivery Receipt Form (the "Delivery Receipt"). Mr. Fruchter acknowledged that "by signing below, [the signee] confirm[s] that [he or she has] received, reviewed and accepted the policy" and "[t]he company will retain this document as evidence that the policy has been delivered to [the signee] on the date shown." (ECF No. 9-4, Ex. D, at 2).

After the Policy was issued on August 8, 2007, the Policy's owner and beneficiary changed several times. On July 15, 2010, the Trust changed the owner and beneficiary of the Policy to Dukes Bridge LLC ("Dukes Bridge"). (Compl. ¶ 32). On December 29, 2010, Dukes Bridge changed ownership and beneficiary to Manufacturers and Traders Trust Company ("Manufacturers"), as securities intermediary. (*Id.* ¶ 33). On March 15, 2012, Defendant, as

securities intermediary, acquired the Policy as owner and beneficiary from Manufacturers. (*Id.* ¶ 34). On May 21, 2014, Defendant changed the owner and beneficiary of the Policy to Wilmington Trust, N.A., as securities intermediary, but reacquired the Policy from Wilmington Trust, N.A. on October 31, 2018, and remains the current record owner and beneficiary. (*Id.* ¶ 36).

      **B.**      **The Present Litigation and Defendant's Motion to Dismiss**

On January 16, 2021, the Insured passed away. (Compl. ¶ 37). Defendant submitted a death claim and Plaintiff conducted a claim review. On April 21, 2021, Plaintiff filed this action against Defendant in its capacity as securities intermediary. Plaintiff seeks a declaration that the policy lacks an insurable interest and is void *ab initio* under New Jersey law. (*Id.* ¶ 45). On May 26, 2021, Defendant commenced its own action against Plaintiff in the United States District Court for the Eastern District of New York to recover the Policy death benefits from Plaintiff. *Wells Fargo Bank, N.A., as Securities Intermediary v. Sun Life Assurance Co. of Canada*, No. 21-2984 (E.D.N.Y.). Defendant voluntarily dismissed that action on August 10, 2021. Ten days later, Defendant refiled its complaint in Massachusetts ("Massachusetts Action"). *See Wells Fargo N.A. v. Sun Life Assurance Co. of Canada*, No. 21-8401896 (Mass. Sup. Ct.).

On May 27, 2021, Defendant moved to dismiss the Complaint in this action for lack of personal jurisdiction, or in the alternative, to transfer venue. (ECF No. 6). In an Opinion and Order dated December 20, 2021, the Court denied Defendant's motion, finding that Plaintiff had established specific jurisdiction against Defendant. (ECF No. 14 ("Prior Opinion")). Specifically, in finding that Plaintiff had sufficiently demonstrated that Defendant possessed the minimum contacts necessary to establish specific jurisdiction, the Court relied on two recently decided cases involving STOLI claims in this district: *Lincoln Benefit Life Co. v. Wells Fargo Bank*, No. 17-02905, 2017 WL 4953904 (D.N.J. Nov. 1, 2017), *recon. denied*, 2017 WL 6539244 (D.N.J. Dec. 20, 2017) and *West Coast Life Ins. Co. v. Wells Fargo*, No. 20-04350, 2021 WL 302919, at *3

(D.N.J. Jan. 29, 2021), *recon. denied*, 2021 WL 2712152 (D.N.J. July 1, 2021). (Prior Opinion 7-8). In *Lincoln Benefit*, for example, the Court found specific jurisdiction where the trust and the trustee were located in New York at all times; (2) the policy application and amendment to the policy were signed in New Jersey, and (3) the policy contained a conformity with state law provision subjecting the certificate to the laws where the application was signed and insured a New Jersey resident. 2017 WL 4953904 at *3. Indeed, the Court noted that the *Lincoln Benefit* Court found that "Wells Fargo's relation to the New Jersey policy gives rise to personal jurisdiction," because "Wells Fargo owns and holds a substantial interest in a policy that on its face is governed by New Jersey Law." (Prior Opinion 8) (quoting *Lincoln Benefit*, 2017 WL 4953904 at *4). Applying the reasoning of those decisions to the instant case, the Court found specific jurisdiction existed over Defendant because the place of contracting was New Jersey and Defendant procured a New Jersey policy. (*Id.* at 8-9).

II. **LEGAL STANDARD**

Generally, a matter may not be appealed to the Third Circuit until a final judgment has been rendered. *Kaplan v. Saint Peter's Healthcare Sys.*, No. 13-2941, 2014 WL 4678059, at *2 (D.N.J. Sept. 19, 2014). An interlocutory appeal, however, may be proper in "exceptional cases" where forgoing the normal procedure of appealing after final judgment is appropriate. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Thus, under § 1292(b), the Court may exercise its discretion in certifying an order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014). But even if all three criteria are met, certification is not mandatory, rather, it is "wholly discretionary." *Juice*

*Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 312 (D.N.J. 2018) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001)). The burden to demonstrate that certification is proper lies with the moving party. *Kapossy v. McGraw-Hill Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). And, importantly, "[i]n evaluating these factors, '[a] motion [for certification] should not be granted merely because a party disagrees with the ruling of the district judge.' " *Id.* (quoting *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 282 (E.D. Pa. 1983)).

**III.    DISCUSSION**

Defendant moves to certify the September Order for interlocutory appeal. The Court addresses each factor required for certification below.

**A.    Controlling Question of Law**

"A question is controlling if an incorrect disposition would constitute reversible error and ... it is serious to the conduct of the litigation, either practically or legal[ly].' " *Kaplan*, 2014 WL 4678059, at *2 (alteration in original) (quoting *Eisenberger v. Chesapeake Appalachia, LLC*, No. 09-1415, 2010 WL 1816646, at *3 (M.D. Pa. May 5, 2010)). "Courts in this district have held that although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Ent.*, 353 F. Supp. 3d at 312-13 (quoting *Morgan v. Ford Motor Co.*, No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007)). Legal questions in which "the district court's discretion is necessarily intertwined with its understanding of the facts" do not fall within the purview of § 1292(b). *Kapossy*, 942 F. Supp. at 1002.

Here, Defendant argues that the "controlling question of law" at issue is "the exercise of personal jurisdiction over Securities Intermediary based on the fact that Securities Intermediary is

a party to a contract, the Policy." (Def.'s Moving Br. 6). But, as Plaintiff highlights, the minimum contacts analysis employed by the Court to assess specific personal jurisdiction in the underlying motion to dismiss is "holistic," and therefore, no one factor—including Defendant's status as a party to the Policy—is determinative. Indeed, the Court in *Lincoln Benefit* rejected a similar motion by Wells Fargo to certify an order denying its motion to dismiss for appeal pursuant to § 1292(b) because no controlling question of law existed where a finding of personal specific jurisdiction was based on several factors. *Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A.*, No. 17-02905, 2017 WL 6539244, at *5 (D.N.J. Dec. 20, 2017). There, Wells Fargo argued that two controlling questions of law existed for purposes of interlocutory appeal: (1) successor jurisdiction and (2) the choice of law provision in the policy. *Id.* The Court, however, rejected that argument, ruling that its minimum contacts analysis contained more than the factors that Wells Fargo believed could be resolved on appeal:

> While the Court relied on the successor relationship between the Trust and Wells Fargo and the conformity provision in the policy to find minimum contacts for jurisdiction, the Court employed a holistic approach considering a number of factors. Neither one of these questions alone informed the Court's finding of personal jurisdiction in New Jersey. Therefore, a contradictory resolution of one or both of these questions would not necessarily result in reversible error.

*Id.*

The same "holistic" approach was used by the Court in the present case. Specifically, the Court concluded that it had specific personal jurisdiction over Defendant not just because Defendant is a party to the Policy, but also because the Policy was printed on New Jersey specific forms, the Application and Request for Alteration of the Application were signed in New Jersey; the Policy was delivered in New Jersey, Defendant knowingly acquired and is the current owner of record of a New Jersey Policy,  Defendant is a beneficiary of a New Jersey Policy, and Defendant seeks to collect on the death benefit of a New Jersey Policy. (Prior Opinion 8-9). Put

simply, it was Defendant's acts in reaching into the forum and acquiring a New Jersey policy, coupled with its status as the owner and beneficiary of the New Jersey Policy that produced a finding of purposeful availment. Because the Court's minimum contacts analysis was comprehensive and relied on more than one factor, even a favorable reversal of the narrow issue Defendant identifies as the controlling question of law, *i.e.*, exercise of personal jurisdiction over Defendant based on the fact that Defendant is a party to the Policy, would not necessarily result in reversible error. Thus, Defendant has not identified a controlling question of law sufficient to support an interlocutory appeal.

### B. Remaining Criteria

Because the Court finds that Defendant has not established a controlling question of law necessitating interlocutory appeal, it need not consider the remaining factors under § 1292(b). That said, however, the Court briefly addresses whether a substantial ground for difference of opinion exists and whether an interlocutory appeal materially advances the ultimate termination of the litigation.

#### 1. *Substantial Ground for Difference of Opinion*

A substantial ground for difference of opinion is not created merely because a party has a differing opinion from that of the district judge. *Kapossy*, 942 F. Supp. at 1001 (citation omitted). Instead, substantial ground for difference of opinion lies where "there is genuine doubt or conflicting precedent as to the correct legal standard." *Korrow v. Aaron's, Inc.*, No. 10-6317, 2016 WL 4083219, at *2 (D.N.J. July 29, 2016) (citation omitted). Notably, a "question of first impression is not, of itself, sufficient to show that the question is one on which there is a substantial ground for difference of opinion." *Cosimano v. Township of Union*, No. 10-5710, 2017 WL 4790381, at *2 (D.N.J. Oct. 23, 2017) (citation omitted).

Defendant argues that the Court applied a minimum contacts standard that "differs markedly from that applied by the United States Supreme Court, all United States Circuit Courts of Appeals, and the district courts within the Third Circuit." (Def.'s Moving Br. 1). Instead of evaluating the non-resident Defendant's activities in or directed at the forum state, Defendant claims that the Court erroneously relied exclusively on the minimum contact analysis set forth in *Lincoln Benefit* and *W. Coast Life Ins. Co*. (*Id.* at 1-2). Specifically, according to Defendant, the Supreme Court and the Third Circuit have both "squarely held that '[t]he mere existence of a contract is insufficient to establish minimum contacts' (*Budget Blinds, Inc.*, 536 F.3d at 261 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)) and that it is the non-resident defendant's conduct in or directed at the forum, not the law governing a contract or 'the unilateral activity of another party or a third person,' (*Walden v. Fiore*, 571 U.S. 277, 284 (2014)) that creates the minimum contacts necessary to confer personal jurisdiction over a non-resident defendant." (*Id.* at 7). Stated differently, Defendant argues that the "vast majority of courts from within the District of New Jersey have held that a contract – even one with a New Jersey resident that is explicitly governed by New Jersey law – is insufficient to establish the minimum contacts necessary to confer personal jurisdiction over a non-resident defendant." (*Id.* at 11).

Here, there is no "genuine doubt as to the correct legal standard" presented in this case. *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) (quotation and citation omitted). The governing legal standard regarding personal jurisdiction and the minimum contacts required to exercise jurisdiction over a defendant is well-established through Supreme Court and Third Circuit precedent, *accord Burger King*, 471 U.S. at 475; *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Remick v. Manfredy*, 238 F.3 248, 255 (3d Cir. 2001). *See Fiscus v. Combus Fin. AG*, 2006 WL 2845736, at *2–3 (D.N.J. Sept. 28, 2006) (considering a motion to certify

9

appeal and noting that the legal standard related to personal jurisdiction is "not novel or unique"). As explained above, *supra*, that is precisely the legal standard that the Court employed in the underlying motion to dismiss, with the Court finding that Defendant availed itself of the benefits and protections afforded by New Jersey in acquiring the New Jersey Policy and being the record owner and beneficiary of that Policy. (Prior Opinion 5-11). Thus, the fact that Defendant disagrees with the Court's application of the facts in the record to that well-settled legal standard is insufficient to find "substantial ground for difference of opinion."

2. *Potential to Materially Advance the Ultimate Termination of Litigation*

An interlocutory appeal materially advances litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly. *Juice Ent.*, 353 F. Supp. 3d at 314 (quotation marks and citations omitted). "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law," as an interlocutory appeal could save litigants' money and the Court's time by potentially speeding up litigation. *Pub. Interest Rsch. Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1557 (D.N.J. 1993) (citation and internal quotations omitted).

Here, and perhaps most critically, this appeal will not eliminate either the need for trial or complex issues that would complicate a trial. *N.J. Reg'l Council of Carpenters v. D.R. Horton, Inc.*, 2011 WL 1233304, at *2 (D.N.J. Mar. 31, 2011) (citing *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011)). It is true that failure to resolve personal jurisdiction could lead to a costly and burdensome discovery process; however, it is equally clear based on Defendant's underlying motion to dismiss, in which it sought to transfer venue to the Eastern District of New York, as well as other conduct outside of this District, that Defendant intends to advance this same litigation

elsewhere. For example, one month after Plaintiff filed its Complaint in this case, Defendant commenced suit against Plaintiff in the United States District Court for the Eastern District of New York based on the same underlying facts of this lawsuit. Indeed, in addition to asserting other claims, Defendant sought a declaration that the same policy at issue in this action is governed by New York law and valid. *See Wells Fargo N.A. v. Sun Life Assurance Co. of Canada*, No. 21-02984 (E.D.N.Y.). Defendant then voluntarily dismissed its New York action, only to refile its Complaint ten days later in Massachusetts. *See Wells Fargo N.A. v. Sun Life Assurance Co. of Canada*, No. 21-8401896 (Mass. Sup. Ct.). Defendant does not dispute that the Massachusetts Action, which appears to still be pending, is a "mirror image of this action" because it involves the "same parties, the same policy at issue, raises virtually identical issues of fact and law, and seeks relief complementary to this New Jersey Action." (Pl.'s Opp'n Br. 12).[2] As such, any discovery that might occur as a result of this Court's denial of Defendant's motion to dismiss, will still occur even if the Court's opinion is reversed.

---

[2] According to Plaintiff, Wells Fargo initially agreed to an order staying the Massachusetts Action while its motion to dismiss in this case was pending; however, following this Court's finding of personal jurisdiction, Defendant did not consent to a continuing stay of the Massachusetts Action. (Pl. Opp'n Br. at 4 n.1). Indeed, Plaintiff submits that Defendant opposed Plaintiff's motion to continue the stay of the Massachusetts Action, and that the case is still currently active. (*Id*). Defendant has not refuted these characterizations of the record in the Massachusetts Action.

11

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Certify the December 20th Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) is **DENIED**. The Court will enter an Order consistent with this Memorandum Opinion.

Date: May 8, 2023

                                                                       s/ Zahid N. Quraishi  
                                                                        **ZAHID N. QURAISHI**  
                                                                         **UNITED STATES DISTRICT JUDGE**